WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Camboni, | No. CV-15-02538-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Anthony Camboni's Motion to Strike and Motion for a More Definite Statement. (Doc. 42). Having read Plaintiff's filing, the Court understands it to be a response to Defendants' Motion to Dismiss and Joinder in State Bar of Arizona's Motion to Dismiss, (Doc. 28), as well as a motion seeking independent relief pursuant to Fed. R. Civ. P. 12(e),(f).

To the extent that Plaintiff's filing serves as a response to Defendants' motion to dismiss, (Doc. 28), it is stricken for failing to comply with the Local Rules of Civil Procedure. LRCiv. 7.2(e)(1) mandates that "[u]nless otherwise permitted by the Court," Plaintiff's response to Defendants' motion "may not exceed seventeen (17) pages." Plaintiff has not sought leave from the Court to file a response in excess of the allotted page limit. Accordingly, the Court strikes Plaintiff's filing to the extent that it serves as a response to Defendants' motion to dismiss.

Plaintiff's filing also, however, appears to request independent relief pursuant to Fed. R. Civ. P. 12. Plaintiff seeks to strike Defendants' Motion to Dismiss and Joinder in

State Bar of Arizona's Motion to Dismiss, (Doc. 42 at 3), or—in the alternative—seeks a more definite statement. (*Id.* at 2). Both avenues of requested relief relate to the representation of certain Defendants by counsel Brian Bergin. Plaintiff asserts that Mr. Bergin "has produced no facts, evidence, or testimony" that would prove "Attorney Bergin represents the aforementioned Defendants." (*Id.*). Thus, according to Plaintiff, Defendants' motion to dismiss should be stricken. The Court disagrees. Plaintiff has cited nothing suggesting that Defendants cannot obtain counsel to represent them in this matter. Moreover, Plaintiff has cited nothing to suggest that counsel's Notice of Appearance and Waiver of Service, (Doc. 6), filed on January 8, 2016, is somehow defective or insufficient. The Court notes that this is not the first time Plaintiff has attacked Mr. Bergin's representation of Defendants. The Court's March 17, 2016, Order rejected Plaintiff's unsupported argument that Mr. Bergin had failed to present sufficient facts "concerning his representation" (Doc. 18 at 3 n.3). Plaintiff, here, again attacks Mr. Bergin's representation without any evidence to support his position. The Court rejects Plaintiff's conclusory argument, and absent some form of supporting evidence, the Court will not entertain this argument in the future. Plaintiff's Motion to Strike and Motion for a More Definite Statement, (Doc. 42), are both denied.

Plaintiff has asked the Court to set a hearing for oral argument on the aforementioned issues. (Doc. 42 at 3). The Court will deny this request. Plaintiff has submitted a memorandum discussing the law and facts in support of his position, and oral argument will not aide the Court's decisional process. *See e.g.*, *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *Lake at Las Vegas Investors Group*, *Inc. v. Pacific. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991). Moreover, Plaintiff will be given the opportunity to re-file a compliant response to Defendants' motion to dismiss.

Plaintiff has through the end of Friday, May 27, 2016, to file a response to Defendants' Motion to Dismiss and Joinder in State Bar of Arizona's Motion to Dismiss, (Doc. 28), that is compliant with this District's Local Rules of Civil Procedure. The Court reminds Plaintiff that his response may not exceed seventeen (17) pages, LRCiv.

7.2(e)(1), and notifies Plaintiff that this will be the last opportunity to file a response to the pending Motion to Dismiss that complies with the Local Rules. Failure to "conform in all substantial respects with the requirements of this Local Rule" will be deemed to be consent to the "granting of the motion and the Court may dispose of the motion summarily." LRCiv. 7.2(i).

For the aforementioned reasons,

**IT IS ORDERED** that Plaintiff's filing, (Doc. 42), is **STRICKEN**, to the extent that the filing serves as a response to Defendants' Motion to Dismiss and Joinder in State Bar of Arizona's Motion to Dismiss. (Doc. 28).

**IT IS FURTHER ORDERED** that Plaintiff's filing, (Doc. 42), is **DENIED**, to the extent that it seeks a more definite statement or to strike Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12.

Dated this 17th day of May, 2016.

James A. Teilborg
Senior United States District Judge