WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Camboni, | No. CV-15-02538-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Defendants. | |

Pending before the Court are Motions to Dismiss filed by Defendant State Bar of Arizona (the "State Bar"), (Doc. 22), Defendant Maricopa County, (Doc. 39), and all remaining Defendants.[1] (Doc. 28). These motions were brought in response to Plaintiff Anthony Camboni's First Amended Complaint ("FAC"), filed on March 10, 2016. With each respective motion fully briefed, the Court now issues its ruling.

---

[1] The following Defendants seek dismissal: Mark Brnovich; Susan Brnovich; Brian Bergin; Jane Doe Bergin; Ken Frakes; Jane Doe Frakes; Michael Smalley; Jane Doe Smalley; Carolyn Oberholtzer; John Doe Oberholtzer; Bergin, Frakes, Smalley & Oberholtzer, PLLC; Doug Ducey; Angela Ducey; Michele Reagan; David Reagan; Robert Oberbillig, Esq.; Jane Doe Oberbillig; Scott Bales; Jane Doe Bales; Robert M. Brutinel; Jane Doe Brutinel; John Pelander; Jane Doe Pelander; Rebecca White Berch; John Doe Berch; Ann A. Scott Timmer; John Doe Timmer; Ken Bennett; Jeanne Bennett; Tom Horne; Martha Horne; Janice "Jan" Brewer; John Brewer; and the State of Arizona. In the interest of brevity, the Court will refer to them collectively as the "remaining Defendants."

**I.**

The Court need not set forth a full recitation of the facts underlying this action. For purposes of adjudicating Defendants' pending Federal Rule of Civil Procedure 12 (b)(1),(6) motions, a brief recital of the following facts is sufficient. This matter arises out of numerous allegations made against various state government entities, officials, employees, and private citizens in the March 10 FAC. (Doc. 15). The FAC is quite lengthy, and at times challenging to navigate, making it difficult for the Court to discern its exact allegations, and against which Defendants they are made. Nonetheless Plaintiff generally alleges a number of claims flowing from two events: (1) a challenge to the 2014 election for the position of Attorney General of the State of Arizona; and (2) the dismissal of a subsequent lawsuit filed in Maricopa County Superior Court. Plaintiff claims that the various levels of Arizona's judiciary acted improperly in dismissing his state lawsuit and have damaged him, and that Defendant Mark Brnovich, Arizona's Attorney General, was elected illegitimately.

On April 4, April 13, and May 11, 2016, respectively, all named Defendants filed motions to dismiss. (Docs. 22, 28, 39). After several delays and requests for extensions, the motions have been fully briefed, and the Court heard oral argument on August 10, 2016. Having set forth the pertinent factual and procedural background, the Court now turns to the pending motions.

**II.**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint must also contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). Facial plausibility exists if the pleader sets forth factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but requires more than a sheer possibility that a defendant acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

The Court must construe the facts alleged in the complaint in the light most favorable to the drafter and must accept all well-pleaded factual allegations as true, *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1053 (9th Cir. 2011), *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Further, Plaintiff is pro se, and the Court "must liberally construe his pleadings." *Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) (citation omitted); *see also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (noting that federal courts should liberally construe the "inartful pleading" of pro se litigants); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (noting that courts in this Circuit should hold "pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers"). But the Court need not undertake special endeavors to inform Plaintiff of his obligations under the Local and Federal Rules of Civil Procedure. *See Karlozian v. Clovis Unified Sch. Dist.*, 8 Fed. Appx. 835, 836 (9th Cir. 2001) (citation omitted) (noting that the Ninth Circuit has held that "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record"); *Jacobsen v. Filler*, 790 F.2d 1362, 1366 (9th Cir. 1986).

### III.

As noted *supra*, three separate motions to dismiss are pending. Each will be addressed in turn.

1

2    **A.     State Bar of Arizona's Motion to Dismiss**

3          The State Bar argues that as an agency of the state of Arizona, it is immune from

4    suit under the Eleventh Amendment to the United States Constitution, and that any claims

5    against it under a vicarious liability theory must fail, as the State Bar "does not have an

6    employer-employee or agency relationship with its members." (Doc. 22 at 2-3). The

7    Court agrees.

8          "Under the Eleventh Amendment to the Constitution of the United States, neither

9    a state nor its agencies may be sued in federal court without the state's consent."

10   *Cleveland v. Pinal County Superior Court*, No. CV 12-1942-PHX-DGC (SPL), 2012

11   U.S. Dist. LEXIS 148494, at *7-8 (D. Ariz. Oct. 16, 2012) (citing *Pennhurst State Sch. &*

12   *Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). "A state bar operates as the investigative

13   arm of its state supreme court, and thus, is an agency of the state; as an agency of the

14   state, the Eleventh Amendment renders state bars immune from suit in federal court." *Id.*

15   at *8 (citing *Gilchrist v. Arizona Supreme Court*, 10 Fed. Appx. 468, 470 (9th Cir.

16   2001)); *see also O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982). Thus,

17   Plaintiff's direct claims against the State Bar are precluded. Further, Plaintiff has failed to

18   cite to any authority suggesting that the State Bar has any kind of agency relationship

19   with its members, or that it can be held vicariously liable for the alleged actions of its

20   members. Absent any persuasive authority suggesting otherwise, any claims based on a

21   theory of vicarious liability must also fail, and the State Bar will be dismissed from this

22   suit.

23

24   **B.     Maricopa County's Motion to Dismiss**

25          Having reviewed the FAC liberally, the Court has discerned only one possible

26   theory of recovery that Plaintiff has advanced against Defendant Maricopa County.

27   Generally, the FAC expressly names Maricopa County in each count, but none of its

28   pleaded facts support any of these claims. Its presence in the pleading is entirely

- 4 -

conclusory. For example, the FAC alleges that Defendant Maricopa County is liable for negligence and gross negligence—among other claims—but no pleaded facts even suggest what duty it had to Plaintiff or how that duty was breached. Rather, the factual allegations relating to Defendant Maricopa County center on the actions of Defendant Robert Oberbillig, a Maricopa County Superior Court judge. A significant portion of the FAC rests on Plaintiff's contention that Defendant Oberbillig acted improperly in dismissing a lawsuit initiated by Plaintiff in Maricopa County Superior Court. (*See* Doc. 15 at 13-15, 18-22, 28-29, 31-34, 43-44). Thus, to the extent that Defendant Maricopa County is a properly pleaded party, the only discernable theory of recovery the FAC advances is one of vicarious liability/respondeat superior for the actions of Defendant Oberbillig.[2]

Plaintiff's claim fails. Article III of the Constitution of the State of Arizona establishes that "[t]he powers of the government of the State of Arizona shall be divided into three separate departments, the Legislative, the Executive, and the Judicial." The superior courts of the state of Arizona "are part of the judicial department and thus they are not under the control of the executive branch of government." *Hernandez v. Maricopa County*, 673 P.2d 341, 343 (Ariz. Ct. App. 1983). The Arizona Supreme Court has stated that "[t]he judiciary has its exclusive powers and functions, to wit: it has judgment and the power to enforce its judgments and orders. In their responsibilities and duties, the courts must have complete independence." *Mann v. County of Maricopa*, 456 P.2d 931, 935 (Ariz. 1975), *accord Broomfield v. Maricopa County*, 544 P.2d 1080, 1082 (Ariz. 1975).

---

[2] Only a state law claim may serve as a basis for respondeat superior liability. "[A] municipality can be found liable under [section] 1983 only where the municipality itself causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under [section] 1983." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. N.Y. City. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978)).

1    Maricopa County is a county-level executive entity of the state of Arizona. It

2    therefore has no control over the judiciary, and by extension, Defendant Oberbillig. Thus,

3    any alleged wrongdoing on the part of Defendant Oberbillig cannot be imputed to

4    Maricopa County. *See Clark v. Campbell*, 193 P.3d 320, 327 (Ariz. Ct. App. 2008); *State

5    v. Pima County Adult Probation Dep't*, 708 P.2d 1337, 1340-41 (Ariz. Ct. App. 1985);

6    *Hernandez*, 673 P.2d at 344; *Yamamoto v. Santa Cruz County Board of Supervisors*, 606

7    P.2d 28, 30 (Ariz. Ct. App. 1980); *Friedena v. Maricopa County*, 504 P.2d 58 (Ariz.

8    1972). Moreover, even assuming Plaintiff's vicarious liability claim was viable, it must

9    rest on a state law claim asserted against Defendant Oberbillig. As discussed *infra*,

10   Plaintiff failed to adhere to the requirements of Arizona's notice of claim statute, and any

11   state law claims for damages against Defendant Oberbillig are dismissed with prejudice.[3]

12   A claim that has been dismissed with prejudice cannot serve as the basis for a vicarious

13   liability claim. *Nixon v. Mohave County*, No. 3:14-CV-8031-HRH, 2014 U.S. Dist.

14   LEXIS 116009, at *6 (D. Ariz. Aug. 20, 2014) (citation omitted); *Law v. Verde Valley

15   Med. Ctr.*, 170 P.3d 701, 705 (Ariz. Ct. App. 2007). Plaintiff's claim fails, and Defendant

16   Maricopa County will be dismissed from the matter.[4]

17

18

19

20

_____

21       [3] Defendant Oberbillig is also immune from suit, as all claims alleged against him
22   arise out of judicial actions undertaken that were not in "clear absence" of all jurisdiction.
     The Court addresses immunity with respect to Defendant Oberbillig *infra*.

23       [4] Having reviewed the FAC liberally, the Court found that the only claim asserted
24   against Defendant Maricopa County was a vicarious liability/respondeat superior theory
     of recovery. To the extent that any direct claims were asserted against Defendant
25   Maricopa County, there is a complete dearth of factual allegations to support such claims,
     and such claims must be dismissed for failure to allege a facially plausible theory of
26   recovery. *Ashcroft*, 556 U.S. at 678. Moreover, even assuming the FAC pleaded a
     plausible state law claim directly against Defendant Maricopa County, the claim would
27   be barred on account of Plaintiff's failure to comply with Arizona's notice of claim
     statute, A.R.S. § 12-821.01, addressed fully *infra*.

28

**C.**     **The Remaining Defendants' Motion to Dismiss**

The remaining Defendants have advanced numerous grounds for dismissal. (Doc. 28). The Court will address those that are pertinent.

**1.**     **Defendant State of Arizona's Immunity**

Defendants assert that the State of Arizona is immune from Plaintiff's claims under the Eleventh Amendment. The Court agrees, and relies on Judge Snow's succinct and thorough analysis of the issue in *Camboni v. Arizona*, No. CV-10-1903-PHX-GMS, 2011 U.S. Dist. LEXIS 87813, at *13-14 (D. Ariz. Aug. 8, 2011)

> "Under the Eleventh Amendment, a state is immune from suit under state or federal law by private parties in federal court absent a valid abrogation of that immunity or an express waiver by the state." *In re Mitchell*, 209 F.3d 1111, 1115-16 (9th Cir. 2000) (footnote omitted), overruled in part on other grounds by *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, (2000). States retain their immunity against suits by private parties under the Eleventh Amendment, "regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, (1993). Arizona has not manifested the intention to waive its sovereign immunity under the Eleventh Amendment from suit in federal court, nor has there been a valid abrogation of that immunity. Further, to the extent that Plaintiff is alleging a claim pursuant to 42 U.S.C. § 1983, the Supreme Court has held "that neither a State nor its officials acting in their official capacities are 'persons' under [section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991).

*Id.* at *13-14. Plaintiff has not alleged that the State of Arizona has waived its immunity with respect to any of the claims in the FAC, and has not established that any statute enacted by the United States Congress has clearly abrogated state immunity. Plaintiff's claims may not proceed, and Defendant State of Arizona must be dismissed.

### 2.    Defendant Oberbillig's Immunity

Plaintiff alleges that Defendant Oberbillig is liable under a number of theories, all of which flow from his failure to schedule and hold a hearing in Plaintiff's state law matter in accordance with A.R.S. § 16-676. (Doc. 15 at 14-15). Judges are entitled to absolute immunity from actions taken in their judicial capacity, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), which encompasses immunity from suit, not simply immunity from the ultimate assessment of damages. *Id*; *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citation omitted) ("Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts."). Immunity covers, generally, all civil liability, to include liability arising under § 1983 and civil actions seeking declaratory or injunctive relief. *Mothershed v. Thompson*, No. CV-04-2266-PHX-JAT, 2006 U.S. Dis. LEXIS 6968, at *8-10 (D. Ariz. Feb. 16, 2006) (citations omitted); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (recognizing that judges are absolutely immune from § 1983 damage actions for judicial acts). Outside of two exceptions, immunity applies no matter how erroneous the decision of the judge, and "however injurious in its consequences it may have proved to the plaintiff." *Ashelman*, 793 F.2d at 1075 (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)).

The two aforementioned circumstances in which judicial immunity is overcome is where (1) a judge carries out a "non-judicial action," and (2) where a judge undertakes an act that is judicial in nature but in the "clear absence" of all jurisdiction. *Mothershed*, 2006 U.S. Dis. LEXIS 6968, at *10 (citing *Mireles*, 502 U.S. at 10); *Ashelman*, 793 F.2d at 1075. Having reviewed the FAC liberally, the Court finds that even assuming Plaintiff has pleaded a plausible claim against Defendant Oberbillig, he is immune from suit. Plaintiff's claims against Defendant Oberbillig all stem from the judge's decision to dismiss Plaintiff's state lawsuit after oral argument, an act that is clearly judicial in nature. Thus, the Court need only determine whether Defendant Oberbillig acted clearly outside the scope of his jurisdiction by ruling on the motion to dismiss.

The test of a superior court's jurisdiction is whether or not the tribunal has power to enter upon the inquiry, not whether its conclusion in the course of the inquiry is right or wrong. *Collister v. Inter-State Fidelity Bldg. & Loan Ass'n of Utah*, 38 P.2d 626, 630 (Ariz. 1934). Clearly, a state superior court judge has jurisdiction to rule on a motion to dismiss for failure to state a claim upon which relief can be granted. *Long v. Stratton*, 72 P.2d 939, 941 (Ariz. 1937) (holding that when a complaint is filed that belongs to a general class over which the court's authority extends, the court has jurisdiction to decide whether the pleading is sufficient to confer jurisdiction upon it). The Arizona superior court is a court of general jurisdiction, and the case in question alleged various state law claims. Plaintiff offers no persuasive authority to suggest that Defendant Oberbillig was acting in "clear absence" of jurisdiction in dismissing his state case. "Grave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity," *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (citation omitted), and Plaintiff's argument that Arizona law requires that his election challenge receive a special hearing is unavailing. *Acuna v. Fireside Thrift Co.*, No. CV-05-3876-PHX-JAT, 2006 U.S. Dist. LEXIS 30102, at *15 (D. Ariz. May 11, 2006) (citations omitted) (noting that "judicial immunity extends to judicial acts even if the judge failed to follow the law, or made a mistake of law" as "[s]uch judicial mistakes or wrongs are open to correction through ordinary mechanisms of review"). The Court finds that Defendant Oberbillig is immune from suit.

### 3.    The *Rooker-Feldman* Doctrine

The remaining Defendants contend, principally, that the entirety of Plaintiff's FAC constitutes a *de facto* appeal from the judgment of the Maricopa County Superior Court (and the Arizona Court of Appeals), and that the Court lacks subject matter jurisdiction to hear any of Plaintiff's sixteen claims. (Doc. 28 at 8-9). In support of their motion,

1   Defendants have attached copies of pleadings and orders from the state court
2   proceedings.[5]

3        The *Rooker-Feldman* doctrine precludes federal district courts from exercising
4   subject matter jurisdiction over "cases brought by state-court losers complaining of
5   injuries caused by state-court judgments rendered before the district court proceedings
6   commenced." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).
7   In recent years, the Supreme Court has narrowed the application of the *Rooker-Feldman*
8   doctrine. *See Lance v. Dennis*, 546 U.S. 459, 464 (2006) (noting that "our cases since
9   *Feldman* have tended to emphasize the narrowness of the *Rooker-Feldman* rule"); *see
10   also Exxon Mobil Corp.*, 544 U.S. at 292 (noting that *Rooker-Feldman* "has no
11   application to judicial review of executive action, including determinations made by a
12   state administrative agency"). Nonetheless, despite the Supreme Court's rolling back of
13   the doctrine, *Rooker-Feldman* still "remains a viable jurisdictional bar." *Reusser v.
14   Wachovia Bank, N.A.*, 525 F.3d 855, 860 n.6 (9th Cir. 2008).

15        There are two situations where *Rooker-Feldman* applies: (1) where a state-court
16   loser explicitly asks a federal district court to exercise appellate review of the state-court
17   judgment, and (2) where a state-court loser's federal claim constitutes a de facto appeal
18   from a state-court judgment. *Reusser*, 525 F.3d at 858-59 (citing *Kougasian v. TMSL,
19   Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)). With respect to what constitutes a "de facto
20   appeal," the Ninth Circuit has held that it is where "claims raised in the federal court
21   action are 'inextricably intertwined' with the state court's decision such that adjudication
22

23   _____

24        [5] Defendants cite Fed. R. Civ. P. 12(b)(1) as a basis for dismissal. *Rooker-
     Feldman* is a doctrine predicated on a lack of subject matter jurisdiction, and should be
25   analyzed under Rule 12(b)(1). *Hardy v. Cnty. of El Dorado*, 2008 U.S. Dist. LEXIS 6417,
     at *3 n.15 (E.D. Cal. Jan. 29, 2008). When there is a factual question regarding whether
26   the Court has jurisdiction to hear a matter, it may consider any evidence properly before
     it. *Association of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).
27   Even under a Rule 12(b)(6) standard, the Court may take judicial notice of the pleadings
     and court orders from the state action. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir.
28   1994).

of the federal claims would undercut the state court's ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* at 859 (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)).

If either of these two situations applies, then the Court must dismiss the complaint for lack of subject matter jurisdiction. *Rooker-Feldman* does not, however, bar a plaintiff's independent claims, even if the subject matter underlying those claims has already been litigated in state court. *Exxon Mobil Corp.*, 544 U.S. at 293. "If a federal plaintiff 'present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether defendant prevails under principles of preclusion.'" *Id.* Whether the federal plaintiffs' claims are independent is determined by looking to the relief the plaintiff seeks. *Bianchi*, 334 F.3d at 900. If the relief sought would necessarily undo a state-court judgment, then the claim is not independent and *Rooker-Feldman* applies. *Id.*

On May 12, 2014, Plaintiff filed suit in Maricopa County Superior Court alleging, generally, that Defendant Mark Brnovich "is not qualified to occupy the office of Arizona's Attorney General." (Doc. 28-1 at 6). The complaint was dismissed by the superior court for failure to state a valid basis for relief after oral argument. (Doc. 28-3 at 3). The Arizona Court of Appeals affirmed the superior court's judgment. (*Id.* at 5-6). Plaintiff thereafter initiated the instant matter on December 14, 2015. (Doc. 1). Having reviewed the FAC in its entirety—which the Court notes again is both lengthy and difficult to navigate—the Court finds that a substantial portion of the FAC seeks to have this Court undo the judgments of the Arizona courts that heard Plaintiff's claims, which constitutes a de facto appeal.

The FAC's factual allegations that are "common to all counts" focus exclusively on (1) Plaintiff's contention that Defendant Brnovich "was wrongfully declared the winner" of the 2014 election for Attorney General, (Doc. 15 at 15), (2) that the Maricopa County Superior Court improperly dismissed his lawsuit, (*id.* at 17-19), (3) that the

Arizona Court of Appeals wrongfully affirmed the judgment of the superior court, (*id.* at 22-23), (4) that the Arizona Supreme Court wrongfully declined to accept jurisdiction over Plaintiff's "Respectful Demand For Special Action," (*id.* at 16-17), and that Plaintiff is "the only qualified [c]andidate seeking the [o]ffice of Arizona Attorneys' General." (*Id.* at 22). Each of these allegations is plainly a challenge to state court judgment rendered in Plaintiff's case, which the Court does not have jurisdiction over. *Mothershed v. Justices of the Supreme Court*, 410 F.3d 602, 607 (9th Cir. 2005) (quoting *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (9th Cir. 1983)) (recognizing that federal district courts "do not have jurisdiction . . . over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional").

Turning to the FAC's specific claims, the Court finds that—at a minimum—Counts One through Seven are barred under *Rooker-Feldman*. These Counts allege a number of state and federal claims against a litany of Defendants. But, to the extent that they are not simply legal conclusions that fail to state a plausible claim of relief, each of the claims arise from Plaintiff's previous legal challenge to the 2014 election for Arizona Attorney General, adjudicated in Plaintiff's state lawsuit, and focus in large part on Defendant Oberbillig's decision to dismiss the matter.[6] In these counts, Plaintiff asks the

---

[6] For example, Count One seeks declaratory relief as to whether "Defendant (Judge) Robert Oberbillig violated [A.R.S. § 16-676]." (Doc. 15 at 24). Count Two expressly alleges that Defendant Oberbillig violated A.R.S. § 16-676 when he dismissed Plaintiff's complaint. (*Id.* at 28). Count Three, to the extent it pleads any cognizable claim, appears to relate to the Plaintiff's allegation that Defendant Brnovich is unfit to serve as Arizona's Attorney General and Plaintiff's subsequent state law suit to challenge the election results. (*Id.* at 30). Count Four alleges that Defendant Oberbillig violated Plaintiff's right to due process by failing to hold a hearing in accordance with A.R.S. § 16-676. (*Id.* at 31). Count Five again alleges that both Defendant Oberbillig's and the Arizona Supreme Court's actions with respect to Plaintiff's lawsuit violated Plaintiff's due process rights. (*Id.* at 33-34). Count six alleges that Defendant Oberbillig's and the Arizona Supreme Court's actions violated the Arizona Constitution. (*Id.* at 35). And Count Seven alleges that Defendant Brnovich is unfit to hold the office of Attorney General. (*Id.* at 38-39).

Court to find that (1) Defendant Brnovich was an unqualified candidate for the office of Arizona Attorney General, (2) Defendant Oberbillig improperly dismissed Plaintiff's case and allowed Defendant Brnovich to take office, (3) that the Arizona Supreme Court wrongfully declined jurisdiction over Plaintiff's "Special Action," and (3) that Plaintiff's state and federal constitutional rights were violated by various state actors during prior litigation.

It is evident that if the Court were to grant Plaintiff's requested relief, it would "undercut," if not eviscerate the state courts' rulings, rendering this action a de facto appeal. *Reusser*, 525 F.3d at 859 (quoting *Bianchi*, 334 F.3d at 898). Moreover, Plaintiff has alleged several legal wrongs—the superior court's dismissal of his suit, the court of appeals' affirmation of judgment, and the Arizona Supreme Court's decision not to hear Plaintiff's "Special Action"—that are allegedly erroneous decisions rendered by state courts, and Plaintiff seeks "relief from a state court judgment based on [those] decision[s]." *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007)(noting that "[t]he clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision"). These facts make clear that *Rooker-Feldman* abstention applies.

Plaintiff argues that *Rooker-Feldman* does not bar claims that flow from a state court judgment that was obtained through extrinsic fraud, and relies on *Kougasian*, 359 F.3d at 1140. Plaintiff correctly notes that *Rooker-Feldman* abstention does not cover causes of action "based, in whole or in part, on alleged extrinsic fraud on the state court," as the plaintiff is "not alleging a legal error by the state court" but rather is "alleging a wrongful act by the adverse party." *Id.* at 1140-41. But Plaintiff has failed to plead any facts suggesting that the state court decisions were the product of "extrinsic fraud."

"Extrinsic fraud on a court is, by definition, not an error by that court." *Kougasian*, 359 F.3d at 1141. It "is conduct which prevents a party from presenting his claim in court." *Id.* at 1140 (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)).

Plaintiff's assertion rests solely on the allegation that Defendant Oberbillig "refused to schedule the hearing" mandated by A.R.S. § 16-676, and that the Arizona Court of Appeals affirmed the judgment. (Doc. 50 at 10-11). These are alleged legal errors committed by the respective state courts. They do not amount to "extrinsic fraud," and absent any further factual allegations—not contained in the FAC—Plaintiff's argument fails. *See Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003) (noting that "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision" it is not extrinsic fraud and *Rooker-Feldman* applies).

To conclude, the FAC makes clear that Counts One through Seven are inextricably intertwined with the claims brought in Plaintiff's now-dismissed state court action, and that Plaintiff seeks a de facto appeal of judgments rendered. *Rooker-Feldman* precludes the Court from entertaining such an action. Accordingly, Counts One through Seven of the FAC are dismissed, with prejudice.

### 4. Failure to Comply With A.R.S. § 12-821.01

In light of *Rooker-Feldman* abstention applying, Counts Eight through Sixteen are the only remaining viable claims. Generally, they amount to state statutory and common law claims alleging that numerous Defendants have breached unspecified duties owed to Plaintiff which resulted in the 2014 election for the Attorney General being awarded to Defendant Brnovich, and that led to Plaintiff's subsequent lawsuit being dismissed. The Court is skeptical that these claims survive *Rooker-Feldman* abstention, given that they all relate directly to the election of Defendant Brnovich and Plaintiff's state court challenge. Nonetheless, even assuming these claims survive, they must be dismissed with prejudice due to Plaintiff's failure to comply with A.R.S. § 12-821.01.

Prior to filing suit in state or federal court, Arizona law requires that "[p]ersons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept service . . . as set forth in the

Arizona rules of civil procedure." A.R.S. § 12-821.01 (A); *Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 629 (Ariz. Ct. App. 2010). The Notice of Claim must be submitted "within one hundred eighty days after the cause of action accrues," and must contain a statement of the facts that establish the basis for liability and an amount for which the claim can be settled. A.R.S. § 12-821.01 (A). This allows "the public entity to investigate and assess liability, permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Martineau v. Maricopa County*, 86 P.3d 912, 915-16 (Ariz. Ct. App. 2004). Accrual of a cause of action occurs "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01 (B).

"[S]trict compliance with A.R.S. § 12-821.01 (A) is required." *Simon*, 234 P.3d at 629 (citing *Falcon ex. rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006)). "Substantial compliance" is insufficient, even if the defendants have "actual notice of the claim." *Id.* (citation omitted). Should a plaintiff fail to file a notice of claim within the statutory time limit, his "claim is barred by statute." *Falcon*, 144 P.3d at 1256 (citing *Salerno v. Espinoza*, 115 P.3d 626, 629 (Ariz. Ct. App. 2005)); *see also Crum v. Superior Court*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996) (failure to include all claims and a settlement amount in the notice of claim letter barred the claim).

Plaintiff admits that he voluntarily chose not to comply with § 12-821.01, arguing that his claims should not be dismissed because he decided "to politely decline opportunity to file a Notice of Claim." (Doc. 50). A.R.S. § 12-821.01 is not a polite suggestion made to prospective litigants inviting them to notify public officials they intend to sue, which may be discarded at the unilateral discretion of the plaintiff. It is a statute *mandating* that a prospective litigant strictly comply with its requirements, or forfeit the ability to assert his claims in state or federal court. *Simon*, 234 P.3d at 629 (citation omitted); *Falcon*, 144 P.3d at 1256 (citation omitted).

Plaintiff admits that he "politely decline[d]" to adhere to the notice of claim statute. Counts Eight through Sixteen of the FAC are all state law claims seeking damages from public entities or public employees. To the extent that these claims are not barred by *Rooker-Feldman* or dismissed because they seek relief from Defendants deemed immune, they are dismissed, with prejudice, because they are barred by the notice of claim statute.

### 5. Defendants Falling Outside the Scope of Arizona's Notice of Claim Statute

Plaintiff has named in this lawsuit a number of Defendants that may not fall within the definition of "employee" for purposes of Arizona's notice of claim statute. *See* A.R.S. § 12-820 (1). For example, Plaintiff has named the spouses of a number of Defendants in a "Doe" capacity, and also named a counsel of record, Mr. Brian Bergin, in his suit. Even excusing Plaintiff's pleading of numerous "Doe" Defendants,[7] the FAC—to the extent non-public employee Defendants are even named in the factual allegations—wholly fails to plead plausible claims against them.[8] Any surviving claims against these non-public employee Defendants are therefore dismissed.

Even assuming Plaintiff had pleaded plausible state law claims against Defendants outside the scope of A.R.S. § 12-821.01, the Court would decline to exercise pendent jurisdiction over these purely state law claims under Title 28 U.S.C. § 1367 (2012). The

---

[7] "Generally, the Federal Rules of Civil Procedure do not permit the use of Doe defendants." *Ivan v. Wells Fargo Bank, N.A.*, 12-CV-1065-PHX-JAT, 2012 U.S. Dist. LEXIS 105817, at *6 (D. Ariz. July 30, 2012) (citing Fed. R. Civ. P. 10(a); *Craig v. U.S.*, 413 F.2d 854, 856 (9th Cir. 1969)).

[8] For example, Count Sixteen alleges that the law firm of Bergin, Frakes, Smalley & Oberholtzer, PLLC, is guilty of unjust enrichment. (Doc. 15 at 59). Plaintiff fails to proffer any further factual allegations to even generally support his claim. It is simply a legal conclusion, not to be accepted as true. *Papasan*, 478 U.S. at 286. The Court need not set forth additional examples of Plaintiff's conclusory pleading. Counts Eight through Sixteen suffer from identical deficiencies.

Court has already dismissed all of Plaintiff's federal claims and state law claims asserted against the public Defendants. Because the Court no longer has a federal question before it, it would dismiss any remaining state law claims alleged against any private citizen Defendants outside the scope of Arizona's notice of claim statute. *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint.*, *Inc.*, 333 F.3d 923, 926 (9th Cir. 2003) (citations omitted) (holding that it was "appropriate for the district court to decline jurisdiction over the pendent state claims because there was no viable federal claim"); *Religious Technology Center v. Wollersheim*, 971 F.2d 364, 368 (9th Cir. 1992) (internal citation and quotation dismissed) (holding that when all federal claims are dismissed before trial pendant state claims also should be dismissed); *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 651 (9th Cir. 1984) (same).

# IV.

Having found that the FAC must be dismissed in its entirety, Plaintiff argues that he is entitled to leave to file an amended complaint. (Doc. 50 at 17). The Court should freely give leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a). This includes granting leave "*sua sponte*, when dismissing a case for failure to state a claim, unless the court determines that the pleading could not possibly be cured by the allegation of other facts." *Ewing v. Wells Fargo Bank*, No. CV 11-8194-PCT-JAT, 2012 U.S. Dist. LEXIS 142271, at *13 (D. Ariz. Oct. 2, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Rule 15's "policy of favoring amendments to pleadings should be applied with extreme liberality," *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987), *accord Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990), but is not unlimited. The Court may deny leave to amend under limited circumstances, one such being where allowing amendment of the complaint would be futile. *Schmidt v. PNC Bank*, *NM*, 591 Fed. Appx. 642, 643 (9th Cir. 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Canatella v. Jamison*, 9 F.3d 1550 (9th Cir. 1993).

Having considered the claims alleged in the FAC, the Court concludes that it would be futile to permit amendment. Defendants the State of Arizona and the State Bar of Arizona are immune from suit under the Eleventh Amendment. Plaintiff's claims against Defendant Oberbillig fail in light of judicial immunity. Plaintiff's claims against Defendant Maricopa County are barred because the county-level executive branch cannot be held vicariously liable for the alleged wrongdoings of a member of the Arizona judiciary. All of Plaintiff's federal claims are precluded by *Rooker-Feldman* abstention. Plaintiff's state law claims against all public Defendants are barred for failure to comply with Arizona's notice of claim statute. And any surviving claims against Defendants falling outside of the notice of claim statute's scope are conclusory, plainly failing to assert facially plausible claims.

Taking these realities into account, no possible set of factual allegations could be pleaded in a proposed Second Amended Complaint that would cure the aforementioned deficiencies. *See In re Apollo Group*, No. CV-10-1735-PHX-JAT, 2011 U.S. Dist. LEXIS 124781, at *66 (D. Ariz. Oct. 27, 2011) (quoting *Lopez*, 203 F.3d at 1127) (noting that leave for amend should be granted when dismissing "unless the court determines that the pleading could not possibly be cured by the allegations of other facts"); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 818 (9th Cir. 1988).

Plaintiff's request for leave is futile, and is denied. Judgment will be entered in Defendants' favor.

**V.**

Based on the foregoing,

/

/

/

/

/

**IT IS ORDERED** that Defendants' Motions to Dismiss, (Docs. 22, 28, 39), are hereby **GRANTED**, and the Clerk of the Court shall enter judgment in favor of the Defendants.

Dated this 15th day of August, 2016.

James A. Teilborg
Senior United States District Judge