WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Camboni, | No. CV-15-02538-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Defendants. | |

    Pending before the Court is Plaintiff Anthony Camboni's Motion to Vacate.[1] (Doc. 60). The motion was filed in response to this Court's August 15, 2016, Order dismissing Plaintiff's claims and entering judgment in favor of Defendants.[2] Having considered Plaintiff's filing, the Court now rules on the motion.

**I.**

    Relief from judgment may be sought under either Federal Rule of Civil Procedure

---

[1] Plaintiff's motion is not fully briefed. The Court finds, however, that further briefing will not aid its decision regarding Plaintiff's argument that he is entitled to a jury trial on the merits of his claims. The Seventh Amendment does not preclude dismissing a case where the claims lack merit or the granting of summary judgment "where there is no genuine issue of material fact." *Chima v. Govenetti*, 1997 U.S. App. LEXIS 22867, at *4 (9th Cir. 1997) (citation omitted).

[2] Defendants filed three separate motions to dismiss. (Docs. 22, 28, 39). As each of Defendants' motions was granted with respect to all claims and all Defendants, judgment was entered in their favor and the case was dismissed. (Doc. 59).

59(e) or 60(b). Plaintiff's motion, titled "Respectful Notice of Void Judgment," does not set forth which Rule he moves under. The Court must construe a motion to reconsider a judgment based on the type of relief that is requested by the movant. *Miller v. Transamerican Press*, *Inc.*, 709 F.2d 524, 527 (9th Cir.1983). The rule under which a movant advances for relief is not determinative. *Sea Ranch Ass'n v. California Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976).

A post-judgment motion that seeks substantive change to a court's decision is properly addressed under Fed. R. Civ. P. 59(e). The Rule's drafters intended Rule 59(e) to "mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." *Maxwell v. Sherman*, 2016 U.S. Dist. LEXIS 61852, at *3 (E.D. Cal. May 9, 2016) (quoting *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982)). Given that Plaintiff's motion clearly alleges that the Court erred substantively in dismissing the action, and was filed within twenty-eight days of judgment being entered, Plaintiff's motion for post-judgment relief is properly addressed under Rule 59(e).[3]

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners*, 179 F.3d 656, 665 (9th Cir. 1999)). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

---

[3] The District of Arizona has no local rule for Altering or Amending a Judgment. Fed. R. Civ. P. 59(e) permits a movant to file within 28 days of judgment.

**II.**

Plaintiff has not brought to the Court's attention any newly discovered evidence or change in the intervening law, and thus Plaintiff's motion rests on the theory that the Court committed clear error in granting Defendants' motions to dismiss. *Kona Enters.*, 229 F.3d at 890 (citation omitted). Plaintiff asserts that because this Court's Order dismissing his case "did not result from the respectfully demanded [j]ury [t]rial" Plaintiff sought in the First Amended Complaint, Plaintiff is "not bound" by the judgment. (Doc. 60 at 2). Plaintiff elaborates on his position, arguing that by virtue of paying a filing fee to the United States District Court for the District of Arizona, he has "entered into a contractual relationship" with this Court and must receive a jury trial on the claims alleged in the First Amended Complaint. (*Id.* at 3). Given Plaintiff's status as a pro se litigant,[4] the Court reads this to argue that the Court clearly erred in dismissing Plaintiff's case prior to a verdict returned by the jury, and that the Court must reconsider its prior order.

Plaintiff has not cited to any authority in the United States Constitution, the Arizona Constitution, federal statutory law, state statutory law, federal case law, or common law to support his position that as a civil litigant, he is entitled to a jury trial, *regardless* of the merits of his claims.[5] The Court is unaware of any such authority, and is

---

[4] *See Franklin v. Murphy*, 745 F.2d 1221, 1235 (9th Cir. 1984) (citation omitted) (courts must "liberally construe" the pleadings of pro se litigants); *see also Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (courts should liberally construe the "inartful pleading" of pro se litigants); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (courts in this Circuit should hold "pro se pleadings to a less stringent standard than formal pleadings prepared by lawyers").

[5] "The Seventh Amendment guarantees the right to a jury trial in civil suits 'where the value in controversy shall exceed twenty dollars.'" *Barker v. Prospect Mortgage, LLC*, No. CV-13-00822-PHX-SRB, 2013 U.S. Dist. LEXIS 138516, at *2 (D. Ariz. Sept. 23, 2013) (quoting U.S. CONST. amend. VII). But it "only requires that bona fide fact questions be submitted to a jury." *Sengupta v. Morrison-Knudsen Co.*, 804 F.2d 1072, 1077 n.3 (9th Cir. 1986) (citation omitted). And as noted *supra*, the Seventh Amendment does not prohibit a Court from adjudicating an action where the claims lack merit or

not persuaded by Plaintiff's argument. The Court finds that it did not clearly err in dismissing the First Amended Complaint and denying leave to amend, premised on the reasoning set forth in the August 15, 2016, Order. (Doc. 58). Plaintiff's motion for reconsideration, (Doc. 60), will be denied.

### III.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Vacate, (Doc 60), is **DENIED**.

Dated this 2nd day of September, 2016.

_____
James A. Teilborg
Senior United States District Judge

---

where one party is entitled to judgment as a matter of law. *Chima*, 1997 U.S. App. LEXIS 22867, at *4 (9th Cir. 1997) (citation omitted).